

### III.

Richard D. Hanna, Jefrey F. Carson and Associates Inc., Sugar Land, Tex., for petitioner.

Steven A. Bartholow, Deputy Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before ALDISERT, Chief Judge, HIGGINBOTHAM, Circuit Judge, and HUYETT, District Judge.*

Moses HANNA, Petitioner,

v.

## RAILROAD RETIREMENT BOARD, Respondent.

### No. 83–3604.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 22, 1984.

Decided July 5, 1984.

### MEMORANDUM OPINION OF THE COURT

ALDISERT, Chief Judge.

Moses Hanna petitions for review of a decision of the Railroad Retirement Board which granted him certain benefits but denied him the full amount requested. Implicated here is an interpretation of § 3(h)(2) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231b(h)(2). This provision is known as the "windfall" entitlement, and provides in relevant part:

> The amount of the annuity provided under subsections (a) and (b) of this section to an individual who (A) will not have met the conditions set forth in sub-

---

* Honorable Daniel H. Huyett, 3rd, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

clause (i), (ii), or (iii) of clause (A) of subdivision (1) of this subsection, but (B) will have (i) completed ten years of service prior to January 1, 1975, and (ii) been permanently insured under the Social Security Act ... *as of* December 31 of the calendar year prior to 1975 in which he last rendered service as an employee to an employer, or as an employee representative ....

(Emphasis added). The sole issue presented is whether petitioner's military service time is to be credited in determining his entitlement to the benefits of § 3(h)(2).

Petitioner contends that the operative language of the statute, *i.e.*, the phrase "as of," is tantamount to "as if it were" or "at this point." The Board does not object to petitioner's interpretation of the literal meaning of the words "as of," nor to the judicial interpretations of those words, nor to the legislative history cited in support of petitioner's argument. Instead, the Board insists that military service cannot be used to give credit to two separate federal benefits. Because Hanna has already used his military service as a basis of calculating a civil service pension the Board argues that it may not be used to get credit under § 3(h)(2) of the Railroad Retirement Act. The Board relies on § 217(a) of the Social Security Act, 42 U.S.C. § 417(a), which states that military credit will not be applicable if "a benefit ... which is based, in whole or in part, upon the active military or naval service of such veteran during World War II is determined by any agency or wholly owned instrumentality of the United States ...." The regulations under the Social Security Act make it abundantly clear that credit for military service under that Act is not permissible when another federal benefit is payable based in whole or in part on such credit.

We are persuaded that the Board's interpretation of the Social Security Act is proper. We have considered all other contentions of the petitioner. Accordingly, the petition for review will be denied.